**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

LEROY BROWN,

                        Plaintiff

              - v -                                   Civ. No. 9:04-CV-1075
                                                          (FJS/RFT)

K. LEE, Doctor at Clinton Correctional Facility;
J. MITCHELL, Health Service Administrator at
Clinton Correctional Facility,

                        Defendants.
_____

**APPEARANCES:**                                         **OF COUNSEL:**

LEROY BROWN
Plaintiff, _pro se_
875-06-02225
R.N.D.C.
11-11 Hazen Street
East Elmhurst, New York 11370

HON. ANDREW M. CUOMO                       JANICE A. DEAN, ESQ.
Attorney General of the State of New York        Assistant Attorney General
Attorney for Defendant Lee[1]
New York State Department of Law
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION and ORDER

      On September 14, 2004, _pro se_ Plaintiff Leroy Brown commenced this action, pursuant to

42 U.S.C. § 1983. Dkt. No. 1, Compl. Presently pending before this Court is Defendant Lee's

Motion to Dismiss pursuant to Federal Rules of Civil Procedure 37(b) and 41(b) based on the fact

---

[1] On April 5, 2005, the Summons issued for Defendant Mitchell was returned unexecuted with a note from Deborah Jarvis, Inmate Records Coordinator II, Clinton Correctional Facility, indicating that Mitchell retired. Dkt. No. 8.

that three scheduled depositions were aborted due to Plaintiff's failure comply with Court Orders and/or keep his address updated. Dkt. No. 28. Despite being given ample opportunity to do so, Plaintiff has failed to respond to the Motion. Dkt. No. 31. Satisfied with the notice Plaintiff has been given regarding the consequences of failing to respond to Defendant's Motion, this Court will address the Motion without further input from Plaintiff.

## I. BACKGROUND

A recitation of the relevant history will aid in assessing Defendant's Motion. By his *pro se* Complaint, Brown alleges the Defendants violated his civil rights when they failed to properly diagnose and treat his diabetic condition. *See generally* Dkt. No. 1, Compl. After Defendant Lee appeared in the action, a Scheduling Order was issued setting the discovery deadline for June 30, 2006. Dkt. No. 16

On January 12, 2006, pursuant to Federal Rule of Civil Procedure 30(a),[2] this Court issued an Order authorizing Defendant Lee to take Plaintiff's deposition at a Correctional Facility within the Department of Correctional Services. Dkt. No. 18. In that Order, we specifically stated that "the failure of plaintiff to attend, be sworn and answer appropriate questions may result in sanctions including dismissal of the action pursuant to Rule 37 of the Federal Rules of Civil Procedure." *Id*. Thereafter, on March 14, 2006, the Court received correspondence from Plaintiff indicating that he was dealing with ongoing court matters in Queens, New York, and that his current location was at Rikers Island Detention Center, but his permanent residence remained Clinton Correctional Facility. Dkt. No. 19.

On May 15, 2006, Janice Dean, Assistant Attorney General (AAG), sent a Notice of

---

[2] Federal Rule of Civil Procedure 30(a) states that a party must first obtain leave of court before deposing an incarcerated individual. FED. R. CIV. P. 30(a)(2).

Deposition to Plaintiff at his permanent residence, Clinton Correctional Facility, setting a deposition date for June 12, 2006.  Dkt. No. 28, Janice A. Dean Decl., dated Aug. 16, 2006, Ex. A.  However, on June 8, 2006, AAG Dean was notified by staff at Clinton Correctional Facility that Brown had not been in their custody since February 2006 as he was moved to Rikers Island on a pending homicide charge.  Dean Decl. at ¶ 7.  AAG Dean spent the next week attempting to locate Plaintiff at Rikers Island and, upon identifying his location, sent another Notice of Deposition scheduling the deposition for June 26, 2006, at Rikers Island.  Dean Decl. at ¶¶ 10-11, Ex. B.  Included in that Notice of Deposition was this Court's January 12, 2006 Order directing Plaintiff to participate in a deposition.  *Id*.

On the date of the scheduled deposition, Plaintiff refused to participate stating that his criminal attorney advised him as much.  Dean Decl. at ¶ 15.  He further stated that he was not allowed to take his legal mail with him during his move from Clinton to Rikers and thus did not have a copy of his Complaint or medical records.  *Id*. at ¶ 16.  Despite AAG Dean's reassurance that she would not inquire into any pending criminal matter and her reminder regarding this Court's January Order, Plaintiff persisted in his refusal, at which point AAG Dean initiated a telephone conference with the undersigned.  *Id*. at ¶ 20.  During this Conference, this Court advised Plaintiff that AAG Dean would not be permitted to inquire into matters pertaining to his unrelated, pending criminal matter and, if she did, he would be entitled to refuse to answer such questions pursuant to the Fifth Amendment.  The Court further explained that, to date, Brown has been representing himself in this civil matter and though he may, if he wishes, have his criminal attorney present at the deposition, such attorney could only assist Brown in asserting his Fifth Amendment right on matters related solely to the criminal action.  After receiving this information from the Court,

Brown indicated he still wanted to confer with his attorney and so this Court adjourned the deposition and directed Plaintiff and AAG Dean to consult with the criminal attorney and reschedule the deposition, with or without the criminal attorney.  We then extended the discovery deadline to August 4, 2006.  Dkt. No. 24.

On July 17, 2006, at Defendant Lee's request, this Court signed another Order requiring Plaintiff to appear and participate in a deposition, which we were informed had been scheduled for July 21, 2006.  Dkt. No. 27.  We again warned Plaintiff that his failure to participate in the deposition could result in dismissal of his action.  *Id*.  We also specifically stated that "if Plaintiff refuses to testify on any issue in this case, by invoking his 5th Amendment right to not incriminate himself on a pending though unrelated criminal case, such refusal to answer questions may result in Plaintiff being precluded from prosecuting his case, subject to summary judgment, and subject his case to dismissal[.]" *Id*.  In the interim, Defendant mailed Plaintiff a copy of his Complaint and medical records.  Dean Decl. at ¶ 26, Ex. D.  It appears, however, that such mailings were sent to Clinton Correctional Facility, not Riker's Island.  Dean Decl., Ex. D, Decl. of Serv.

On the date of the re-scheduled deposition, Plaintiff advised AAG Dean that he was unwilling to take part in the deposition.  Dean Decl. at ¶ 38.  At AAG Dean's insistence, they went on the record where, again, Plaintiff refused to participate listing a host of reasons such as his inability to speak with his criminal attorney, the unsettled matter of his criminal attorney representing him in this matter, as well as the fact that he never received the copies of his Complaint or medical records Dean sent (or promised to send) and thus would be unprepared to go forward.  The deposition was concluded and Defendant Lee filed the current Motion.

## II. DISCUSSION

Federal Rule of Civil Procedure 37(b)(1) states, "[i]f a deponent fails to be sworn or to answer a question after being directed to do so by the court in the district in which the deposition is being taken, the failure may be considered a contempt of that court." Rule 37 further authorizes an array of sanctions to be imposed when a party fails to comply with a court order. FED. R. CIV. P. 37(b)(2); *see also* N.D.N.Y.L.R. 1.1(d). Included as a sanction in Rule 37(b)(2) is the remedy of dismissal against the disobedient party. FED. R. CIV. P. 37(b)(2)(C).

Similarly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action for the "failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court[.]" FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also* N.D.N.Y.L.R. 41.2. "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1194 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)); *see also Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd without opinion*, 152 F.3d 917 (2d Cir. 1998), (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 148, 485 (2d Cir. 1994)). Given the harsh nature of Rule 41(b) dismissals, such dismissals are "appropriate only in extreme circumstances." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)). Further, a court must be cognizant of the special latitude to be given to a *pro se* litigant. *Webb v. Bermudez*, 1996 WL 599673, at *1 (S.D.N.Y. Oct. 17, 1996) (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) for the proposition that "dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding.").

In considering whether dismissal is the proper action herein, we must consider the

following: (1) the duration of Plaintiff's failure to comply with the Court Orders; (2) whether Plaintiff was on notice that failure to comply would result in dismissal; (3) whether the Defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its docket with the Plaintiff's interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal. *See Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Pert v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993). Generally, no factor alone is dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d at 485.

After reviewing Defendant Lee's Motion, we find that Plaintiff has on several occasions disobeyed Court Orders directing him to participate in a deposition. Not only have Plaintiff's actions caused delays in this case, but have also compelled Defendant Lee to incur considerable costs in arranging for and traveling hundreds of miles from her work base to two depositions on two separate occasions. Despite receiving proper notices of the scheduled depositions, Plaintiff twice waited until the eleventh hour to inform AAG Dean of his intentions not to answer any questions. While we could possibly excuse the first instance of refusing to testify as a mere misunderstanding, Brown's behavior at the July 21st deposition is inexcusable, especially in light of this Court's explanation to Brown regarding the parameters of a proper objection based upon the Fifth Amendment, the many Orders this Court issued directing Plaintiff to participate, and the numerous warnings provided by Defendant and this Court as to the consequences of Brown's failure to participate. Brown could have informed AAG Dean prior to the July 21st deposition that he had not yet conferred with his criminal attorney nor received the Complaint or medical records. He also should have told Dean prior to the deposition that he had no intention of proceeding without an

attorney. Brown stated on the record that he needed a copy of his Complaint and medical records to show to an attorney who may represent him.[3] It is unclear whether Brown was referring to his criminal attorney or some other attorney. We note that, despite his protestations and refusal to testify without an attorney, Brown commenced this action *pro se* and has never moved for appointment of counsel. We also note that attached to the July 6, 2006 Notice of Deposition is a cover letter from AAG Dean to Brown wherein Dean states, "[i]f you do not participate in this deposition and do not provide me with prior notice of your intention not to participate, I will move to dismiss your complaint pursuant to Rule 37 of the Federal Rules of Civil Procedure. Please contact me immediately, via mail or through your criminal attorney, if you do not intend to participate in the deposition of July 21." Dean Decl., Ex. E. But Brown never contacted Dean prior to the scheduled deposition nor did he provide his criminal attorney with Dean's contact information. Dean Decl. at ¶ 33. When Dean questioned Brown on the record why he did not inform her of his refusal to testify prior to the actual date of the deposition, his response was "I, myself, didn't know I wouldn't proceed today." Dean Decl., Ex. F, Leroy Brown Dep., dated July 21, 2006, at p.13, lines 10-11.

      Brown's conduct is reprehensible and is a blatant and willful disregard of this Court's Orders directing Plaintiff to participate in his deposition. Such behavior cannot be countenanced. Just as our dictates and admonitions have fallen on deaf ears, so too would imposing less drastic sanctions. Defendant Lee cannot be expected to combat Plaintiff's charges without the benefit of having his testimony recorded before trial and we will not direct Defendant to incur anymore

---

[3] Brown stated he could not proceed without a copy of his Complaint to refresh his recollection, however, when Dean offered to have her office fax her a copy to present to him, he quickly changed his story and said that he would need time to go over the Complaint with an attorney. *See* Dean Decl., Ex. F, Brown Dep. at p. 8, lines 20-25, & p. 9, lines 1-7.

unnecessary costs associated with an action Plaintiff so clearly has no desire to litigate. Until now, this Court has been extremely generous and lenient towards Plaintiff in light of his *pro se* status, but to no avail. Given Plaintiff's deliberate behavior and inattention to this Court's Orders, we are left with only one suitable sanction, dismissal. *See Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) (dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding)

### III.  CONCLUSION

Since Brown has been warned on numerous occasions that his failure to abide by the Court's Orders could result in dismissal and he has failed on at least two separate occasions to answer questions at his deposition despite being ordered to do so, we find that Brown's refusal to participate at his depositions constitutes contempt for this Court's Orders and warrants dismissal of this action.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 37(b) (Dkt. No. 28) be **granted** and this action be **dismissed**; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on the parties to this action with a copy too the Plaintiff at the following addresses:

| | | |
|---|---|---|
| Leroy Brown | | Leroy Brown |
| 97-A-5324 | *and* | 875-06-00303 |
| Clinton Correctional Facility | | AMKC |
| P.O. Box 2001 Prisoner | | 18-18 Hazen Street |
| Dannemora, NY 12929 | | East Elmhurst, NY 11370 |

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report to the **U.S. DISTRICT  JUDGE** assigned to this case. Such objections shall be filed with

the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT TO THE U.S. DISTRICT JUDGE WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993); *Small v. Sec'y of Health and Human Servs.* 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

**IT IS SO ORDERED**

**Dated:      February 7, 2007**
**                 Albany, New York**

_____
RANDOLPH F. TREECE
United States Magistrate Judge